IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01681-CBS-PAC

CARL HERLEIN,
    Plaintiff,
v.

UNITED STATES OF AMERICA,
    Defendant.

---

ORDER OF DISMISSAL

---

Magistrate Judge Craig B. Shaffer

On February 28, 2006, this civil action was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (*See* doc. # 15).  This matter is now before the court on the court's November 29, 2006 Order and Order to Show Cause (doc. # 34), in which the court directed Plaintiff's legal representative to show good cause in writing on or before December 19, 2006 why this civil action should not be dismissed for failure to prosecute and/or for failure to move for substitution of the proper party/parties in light of the suggestion of death upon the record filed on September 19, 2006 (doc. # 21).

A.    Statement of the Case

On November 28, 2006, the court permitted counsel to withdraw from representation of Plaintiff.  In the Motion to Withdraw, counsel explained:

1

> On September 26, 2006, the undersigned forwarded a letter to the "Heirs of Carl Herlein" in an attempt to locate any next of kin or person who would be able to inform the undersigned of their wishes to attempt to proceed forward on behalf of an Estate opened for Plaintiff. Since that time, no one from Carl Herlein's family has contacted the undersigned to provide authority on how to proceed forward in the present matter.
>
> The undersigned and the law firm of Anderson, Hemmat & Levine, LLC do not have authority to dismiss the present action or to proceed forward with the Court ordered settlement conference scheduled for November 9, 2006 or proceed forward with trial in this matter. Accordingly, the undersigned wishes to withdraw as counsel for Plaintiff due to his death on September 18, 2006, as the undersigned has been provided no information and/or direction from any heirs who may have a potential interest in this matter.

According to counsel's representations, Plaintiff has failed to cooperate in prosecuting this civil action. Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado, D.C.COLO. LCivR 41.1., the court ordered Plaintiff's legal representative to show good cause in writing on or before December 19, 2006 why this civil action should not be dismissed for failure to prosecute. (*See* doc. # 34). The court warned that failure to respond to the Order to Show Cause may result in dismissal of this civil action without further notice. A copy of the Order and Order to Show Cause was mailed to Plaintiff's last known address, 15 Logan Street, Apartment # 4, Denver Colorado 80203. The court's records indicate that Plaintiff's copy of the Order and Order to Show Cause was not returned in the mail as undeliverable.

On September 19, 2006, the United States filed a Suggestion of Death Upon the Record pursuant to Fed. R. Civ. P. 25(a)(1), suggesting Plaintiff's death on September 18, 2006. "Every action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "An executor, administrator, guardian, bailee, trustee . . . may

sue in that person's own name . . . ." Rule 17(a). "[I]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1). The executor, administrator, or distributor of the deceased estate is the only party who may properly qualify as personal representative unless the assets of the estate have been distributed; then the proper party would be the successor of the estate. *See, e.g., Roberson v. Wood*, 500 F. Supp. 854, 859 (S. D. Ill. 1980). Fed. R. Civ. P. 25(a) clearly contemplates appointment of a legal representative, such as an executor or an administrator.

As Plaintiff's death was suggested upon the record on September 19, 2006, a motion for substitution of the proper party/parties had to be made on or before December 18, 2006 (90 days after the death was suggested on the record). *See* Fed. R. Civ. P. 25(a)(1). If a motion for substitution of the proper party/parties is not made within 90 days after the death is suggested upon the record, the action *shall* be dismissed as to the deceased party. Fed. R. Civ. P. 25(a)(1) (emphasis added). On November 29, 2006, the court warned that failure to timely file a motion for substitution of the proper party/parties may result in dismissal of this civil action without further notice. (*See* doc. # 34).

The court has not received any response to its November 29, 2006 Order and Order to Show Cause. Nor has the court received any motion for substitution of the proper party/parties within 90 days after the Plaintiff's death was suggested upon the record. Pursuant to Fed. R. Civ. P. 25(a)(1), this action must be dismissed as to the deceased party. This action is also properly dismissed pursuant to D.C.COLO. LCivR

41.1. for failure to respond to the court's November 29, 2006 Order and Order to Show Cause, for lack of prosecution, and for failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders.

Accordingly, IT IS ORDERED that this civil action is DISMISSED pursuant to Fed. R. Civ. P. 25(a)(1) for failure to move for substitution of the proper party/parties within 90 days after Plaintiff's death was suggested upon the record and pursuant to D.C.COLO. LCivR 41.1. for failure to respond to the court's November 29, 2006 Order and Order to Show Cause, for lack of prosecution, and for failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders.

Dated at Denver, Colorado this 27th day of December, 2006.

BY THE COURT

*s/Craig B. Shaffer*
United States Magistrate Judge